UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTINE M. ALEXANDER,   )<br>   )<br>            Plaintiff,   )<br>   v.   )<br>   )<br>LAWRENCE M. WEINER and   )<br>ROBERT DIENER, M.D.,   )<br>   )<br>            Defendants.   )<br>   ) | Civil Action No. 09-10776-JLT |

## MOTION TO WITHDRAW

Pursuant to Local Rule 7.1, the law firm of Choate, Hall & Stewart LLP and its attorneys Jean-Paul Jaillet and Matthew Barrett (collectively, "Choate") hereby move for leave to withdraw as counsel for Plaintiff Christine Alexander ("Plaintiff") in the above-captioned action. Choate has achieved substantially all of the relief sought in Plaintiff's Second Amended Complaint, but irreconcilable differences have arisen that make it inappropriate for Choate to continue to represent the Plaintiff.

As grounds for this motion, Choate states as follows:

1.    In May 2009, Plaintiff filed *pro se* this prisoner civil rights action. In November 2009, the Court dismissed the action without prejudice.

2.    In August 2010, the Court appointed Choate as *pro bono* counsel pursuant to the Court's Plan For The Appointment Of Counsel For Indigent Parties In Civil Cases. [Docket No. 82].

3.    Since that time, Choate has spent over 600 hours diligently representing Plaintiff in this action.

4. In April 2011, the Court -- upon motion -- re-opened the case. [Docket No. 92]. On April 27, 2011, Plaintiff filed her Second Amended Complaint (the "Complaint"). [Docket No. 96]. Plaintiff's Complaint requests injunctive relief ordering agents of the Massachusetts Department of Corrections (the "DOC") to provide her with two specific forms of medical treatment.

5. The DOC has now provided and continues to provide Plaintiff with one of the forms of medical treatment requested in the Complaint. The DOC has also recently agreed in writing to provide Plaintiff with the other form of medical treatment requested in the Complaint. Choate has drafted a settlement agreement which would memorialize these results, and has forwarded a draft to Plaintiff for her review.

6. With respect to certain additional points that have arisen beyond the scope of the existing Complaint, Plaintiff has taken issue with Choate's conclusions regarding its professional and ethical duties. On April 11, 2012, Plaintiff unilaterally sent a letter to the Court, which expressed displeasure with Choate. [Docket No. 152].

7. After several subsequent telephone conversations with Plaintiff, on July 24, 2012, Choate sent a letter to Plaintiff addressing several points and setting up a telephone conference.

8. Plaintiff did not call Choate, as requested. Instead, a friend of Plaintiff sent a letter to the Court, evidently at Plaintiff's urging, which expressed displeasure with Choate and suggested that Choate had improperly refused to advance new claims for Plaintiff. [Docket No. 153; July 30, 2012].

9. On July 31, 2012, Choate sent a letter to Plaintiff stating: "We suggest a telephone call on August 8 at 11 a.m. to discuss how you would like to proceed on the

proposed settlement agreement. If we do not hear from you on or prior to that date, we will conclude that you have decided to terminate Choate's representation and we will seek to withdraw on that ground."

10. Plaintiff has not contacted Choate. Choate understands that Plaintiff has decided to terminate Choate's representation. Moreover, Choate finds there are irreconcilable differences and additional issues under the Mass. R. Prof. C. which make it inappropriate for Choate to represent Plaintiff further. If the Court has questions about these considerations, Choate will provide additional information upon the Court's direction.

11. Therefore, Choate seeks the Court's permission to withdraw from representing Plaintiff. This request for withdrawal is consistent with Mass. R. Prof. C. 1.16(a)(3), which provides that a lawyer may "withdraw from the representation of a client if ... the lawyer is discharged."

12. Choate's request for withdrawal is also consistent with Mass. R. Prof. C. 1.16(b), which provides as follows (emphasis added):

> "[A] lawyer may withdraw from representing a client if withdrawal can be accomplished <u>without material adverse effect</u> on the interests of the client, <u>or</u> if:
> (1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
> (2) the client has used the lawyer's services to perpetrate a crime or fraud;
> (3) a client <u>insists upon pursuing an objective</u> that the lawyer considers repugnant or <u>imprudent</u>;
> (4) the client <u>fails substantially to fulfil an obligation</u> to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> (6) other <u>good cause</u> for withdrawal exists."

13. Plaintiff will not be prejudiced by Choate's withdrawal because: (a) the DOC has already provided one of the forms of medical treatment requested in the Complaint and has recently agreed in writing to provide the other treatment requested in the Complaint; and (b) Choate has provided Plaintiff with a proposed form of settlement agreement to memorialize the resolution of these issues.

14. Withdrawal is also consistent with Court's Plan For The Appointment Of Counsel For Indigent Parties In Civil Cases, which provides (among other relevant reasons) that counsel may decline representation if "[s]ome personal incompatibility exists between counsel and the party, or a substantial disagreement exists between counsel and the party on litigation strategy." Both of those factors are now present here as between Choate and Plaintiff.

15. A copy of this motion is being served (by overnight mail) on Plaintiff and by ECF on counsel for the Defendants.

WHEREFORE, Choate respectfully requests that the Court grant its motion for leave to withdraw as counsel for Plaintiff.

Respectfully submitted,

/s/ Jean-Paul Jaillet
Jean-Paul Jaillet (BBO #647299)
Matthew S. Barrett (BBO #673882)
CHOATE, HALL & STEWART LLP
jjaillet@choate.com
mbarrett@choate.com
Two International Place
Boston, MA 02110
Tel.: (617) 248-5000

Dated: August 9, 2012

## CERTIFICATE OF SERVICE

I hereby certify that I will cause this Motion to be served by overnight mail on Christine Alexander at MCI-Norfolk, 2 Clark Street, P.O. Box 43, Norfolk, MA 02056.

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Jean-Paul Jaillet