# United States District Court
# District of Massachusetts

CHRISTINE M. ALEXANDER,
    Plaintiff,

    v.                                CIVIL ACTION NO. 09-10776-JLT

LAWRENCE WEINER, et al.,
    Defendants.

## *REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR COURT TO APPROVE PLAINTIFF'S COSTS (#204)*

COLLINGS, U.S.M.J.

### *I. Introduction*

The plaintiff, Christine M. Alexander ("Alexander"), as the prevailing party on a claim brought under 42 U.S.C. § 1983, seeks to recover costs from defendant Lawrence Weiner, the Department of Correction's Assistant Deputy Commissioner for Clinical Services ("Weiner" or "the defendant"). While Alexander is entitled to the costs taxable under 28 U.S.C. § 1920, she is not

entitled to the nontaxable costs, i.e., postage expenses, sought in her motion.

## *II. Procedural History*

On October 10, 2012, following a legal battle dating back to 2009, Judge Joseph L. Tauro issued an Order memorializing an agreement between the plaintiff and defendant Weiner to provide Alexander with laser hair removal therapy and the medication finasteride as sought by the plaintiff in her second amended complaint. (#177)  On January 16, 2013, Judge Tauro dismissed the remainder of the plaintiff's claims on the grounds that no controversy remained between the two parties. (#180)  Alexander filed a Motion for Reconsideration of the January 16, 2013 dismissal on January 25, 2013 (#181) which motion was denied on February 5, 2013. (#184) The plaintiff subsequently filed a Notice of Appeal on February 25, 2013 (#186); the Notice of Appeal was withdrawn on February 27, 2013. ( #192) On March 11, 2013, Alexander sought further relief requesting two brand-name medications instead of the generic forms prescribed by doctors. (#194)  The plaintiff's request for relief was denied on April 10, 2013. (#201)

On June 24, 2013, the plaintiff filed a Motion to Approve Costs whereby she sought $184.44 in postage expenses, $29.60 for copying of her medical records, and $350.00 in filing fees. (#204)  On July 12, 2013, Weiner

submitted an Opposition to Plaintiff's Motion for Costs challenging only the costs of postage, but not the costs for the copying of medical records or filing fees. (#205) Alexander filed a response to the opposition wherein she reduced the claim for postage costs to $151.88; a signed affidavit and transaction report of the plaintiff's expenses were also included in the reply. (#208)

### III. Legal Standard

The assessment ("taxation") of costs is controlled by Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920.[1] Rule 54(d)(1) provides that "costs other than attorney's fees should be allowed to the prevailing party[2]," while § 1920 supplies the proper definition of "costs" in the rule and restricts the district court's ability to assess costs beyond those listed

---

[1] The statute provides:
> A judge or clerk ... may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Title 28 U.S.C. § 1920.

[2] Typically, "the litigant in whose favor judgment is rendered is determined to be the prevailing party for purposes of Rule 54 interpretation." 10 Wright, Miller, & Kane, *Federal Practice and Procedure*, Civil 3d § 2667 at 204. A claimant who has "obtained some relief usually will be regarded as the prevailing party even though (she) has not sustained all her claims." *Id.* at 212.

in the statute. *Taniguchi v. Kan Pacific Saipan, Ltd.*, - U.S. -, 132 S. Ct. 1997, 2001-02 (2012); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987); *In re Two Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Lit.*, 994 F.2d 956, 962 (1st Cir.1993); *Gochis v. Allstate Ins. Co.*, 162 F.R.D. 248, 250 (D. Mass. 1995).  The Supreme Court has repeatedly "made clear that the discretion granted by Rule 54(d) is not a power to evade the specific categories of costs set forth by Congress.  Rather, we have said, it is solely a power to decline to tax, as costs, the items enumerated in § 1920." *Taniguchi*, 132 S.Ct. at 2006 (internal citations and quotation marks omitted); *see also Pappas v. Hanlon*, 849 F.2d 702, 702 (1st Cir. 1998) ("[a]llowable costs are specifically set out in 28 U.S.C. § 1920") (*citing City Bank of Honolulu v. Rivera Davila*, 438 F.2d 1367, 1371 (1st Cir. 1971); *Walters v. President and Fellows of Harvard College*, 692 F. Supp. 1440, 1441-42 (D. Mass. 1988).  Indeed, as explained by the First Circuit,

> section 1920 has an esemplastic effect. It fills the void resulting from Rule 54(d)'s failure to define the terms 'costs'...and in that way constrains the district court's power to determine which expense categories constitute taxable costs. In other words, the statute and rule, read together, signify that a district court lacks the ability to assess 'costs' under Rule 54(d) above and beyond those that come within the statutory litany.

*In Re Two Appeals*, 994 F.2d at 962 (citations omitted).

Thus it is within the confines of 28 U.S.C. § 1920 that the allowable taxable costs for which Alexander seeks recompense must be determined.

While the categories of taxable costs in Rule 54(d)(1) are circumscribed by 28 U.S.C. § 1920, "nontaxable expenses" may be claimed under Rule 54(d)(2) whereby "[a] claim for attorney's fees[3] and *related nontaxable expenses* must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2) (emphasis added).

## *IV. Discussion*

Because the defendant has not objected to the fees requested for copies and filing fees under 28 U.S.C. § 1920, and those fees are proper, a total of three hundred seventy-nine dollars and sixty cents ($379.60) for those items shall be taxed as costs.[4] The postage expenses in the amount of one hundred fifty-one dollars and eighty-eight cents ($151.88) are the subject of dispute.

---

[3] Although the prevailing party in her civil rights claim, Alexander, as a non-attorney *pro se* litigant, is not entitled to receive compensation for attorney's fees under 42 U.S.C. § 1988. *Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (footnote omitted) ("The Circuits are in agreement, however, on the proposition that a *pro se* litigant who is not a lawyer is not entitled to attorney's fees. Petitioner does not disagree with these cases...and we are also satisfied that they were correctly decided.").

[4] The plaintiff's status as a prevailing party in this action is uncontested by the defendant.

The defendant is correct in contending that Alexander's postage expenses do not constitute taxable costs under Rule 54(d)(1). Consequently, according to Weiner, the plaintiff's motion is seeking to recover nontaxable costs and so was required to be filed no later than fourteen (14) days after the entry of judgment pursuant to Rule 54(d)(2)(B). (#205 at 3[5]) The plaintiff responds that she had "no knowledge of Fed. R. Civ. P. 54('s) time limit as to recovering costs, and had defendant's counsel not filed opposition plaintiff would still not know of Rule 54." (#208 at 1)

Rule 54(d) provides two separate provisions for costs: taxable costs under Rule 54(d)(1) and nontaxable costs under Rule 54(d)(2). The procedure for filing for costs is different for each provision. Under Rule 54(d)(1) there is no requirement mandating when the motion for taxation of costs must be filed. *See, e.g., Super Sack v. Chase*, No. 3:88-CV-1963-P, 1995 WL 813691, at *2 (N.D. Texas Oct. 17, 1995)("In *J.T. Gibbons, Inc. v. Crawford Fitting Co.*, the court addressed the plaintiff's allegation that defendant's bill of costs was untimely filed. 102 F.R.D. 73, 77 (E.D. La. 1984),

---

[5] The defendant also argues that in the event that Alexander is not time-barred from seeking reimbursement, the nontaxable costs cannot include postage from another case. Even if the plaintiff is permitted to recoup postage expenses, the defendant takes the position that the amount should be limited to ten dollars and twelve cents ($10.12) for costs expended only in the instant case. The Court need not address this second argument.

*aff'd in part, rev'd in part on other grounds*, 760 F.2d 613 (5th Cir. 1985), *aff'd*, 482 U.S. 437 (1987). The court held that 'Rule 54(d) does not place any time limits upon the filing of a bill of costs, and the determination of whether the taxation of costs in a particular case is time-barred lies entirely within the discretion of the trial court.' *Id.* at 77. Therefore, as long as the district court does not consider the delay unreasonable, costs may still be taxed to plaintiffs."). It is, however, generally understood that the "appropriate time for taxing costs is after a decision has been reached in the action." 10 Wright, Miller, & Kane, *Federal Practice and Procedure*, Civil 3d § 2679. Therefore, Alexander filed for taxable costs in a timely manner at the conclusion of the litigation.

By contrast, Rule 54(d)(2)(B)(i) expressly prescribes that "unless a statute or a court order provides otherwise, the motion must be filed no later than fourteen (14) days after the entry of judgment.[6]" Fed. R. Civ. P. 54(d)(2)(B)(i).[7] The Order of Dismissal (#180) was entered on January 16,

---

[6]

Judgment within the context of Rule 54 analysis is defined as "a decree and any order from which an appeal lies." Fed. R. Civ. P. Rule 54(a). Judge Tauro's January 14, 2013 Order memorialized an agreement between the defendant and the plaintiff which eliminated all remaining controversy between the parties and the case was dismissed. (#179)

[7]

The Advisory Committee notes to the 1993 Amendments to Rule 54 state: "Subparagraph (B) provides a deadline for motions for attorney's fees - 14 days after final judgment unless the court or a statute specifies some other time. One purpose of this provision is to assure that the opposing party is informed of the claim

2013. The plaintiff's motion for costs was filed on June 5, 2013, well after the fourteen-day time period provided by Rule 54(d)(2)(B)(i) within which to file for nontaxable expenses.

Alexander's contention that she was unaware of the time limit under Rule 54 is unavailing. The First Circuit has "consistently held that a litigant's *pro se* status [does not] absolve [her] from compliance with the Federal Rules of Civil Procedure." *F.D.I.C. v. Anchor Properties*, 13 F.3d 27, 31 (1st Cir. 1994) (internal citations and quotation marks omitted); *see also Koplow v. Watson*, 751 F. Supp.2d 317, 320 (D. Mass .2010)("*[P]ro se* plaintiffs, like all other plaintiffs, must comply with the Federal Rules of Civil Procedure.").

Further, the filing for nontaxable costs must occur within the time constraints of Rule 54(d)(2)(B)(i) in order to be considered. *See*, e.g., *Logue v. Dore,* 103 F.3d 1040, 1047 (1st Cir. 1997) ("Moreover, the defendant effectively waived the right to attorneys' fees by his conceded failure to file and serve a properly supported application within fourteen days of the entry of judgment. *See* Fed. R. Civ. P. 54(d)."); *Hipps v. United Steel Workers of America, AFL-CIO/CLC,* 2001 WL 194307, at *2 (N.D. Ga. Feb. 9, 2001)("The

---

before the time for appeal has elapsed. Prior law did not prescribe any specific time limit on claims for attorney's fees."

failure to file a timely motion under Rule 54(d)(2), in the absence of a showing of excusable neglect, has consistently been held to be a waiver of the right to recover attorneys' fees." (collecting cases)).

## V. Conclusion and Recommendation

Because the plaintiff's motion for costs for nontaxable postage expenses was untimely, it must be denied.  Accordingly, I RECOMMEND that a total of three hundred seventy-nine dollars and sixty cents ($379.60) in taxable costs be TAXED to the defendant as costs of the litigation.  I FURTHER RECOMMEND that a separate order enter to that effect.

## VI. Review by the District Judge

The parties are hereby advised that any party who objects to these recommendations must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review.  *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir.,

1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

October 9, 2013.