UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTINE M. ALEXANDER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 09-10776-JLT |
| v. | * | |
| | * | |
| LAWRENCE WEINER, et al., | * | |
| | * | |
| Defendants. | * | |

Order

January 13, 2014

TAURO, J.

Presently before this court is Defendant Weiner's Motion to Strike Letter from Non-Party [#220]. This case was dismissed on January 16, 2013. Subsequently, several post-judgment motions were filed, including a Motion for Reconsideration, a Motion for Leave to File Amended Complaint, a Motion for Relief from Judgment, and a Motion for Court to Approve Plaintiff's Costs. This court ruled on the last of these post-judgment motions on October 28, 2013. On December 2, 2013, Plaintiff's friend and fellow inmate Joseph Messere wrote this court an "Open Letter" seemingly styled as a motion to reopen the case. This letter was docketed as entry number 219.

Mr. Messere lacks standing to assert any claims in his own right or on Plaintiff's behalf. First, Messere is not a party to this suit, which is closed. Further, Messere does not claim to have suffered any sort of injury.[1] Second, to the extent that Messere requests that this court reopen the

---

[1] Am. Postal Workers Union v. Frank, 968 F.2d 1373, 1375 (1st Cir. 1992) (explaining that a litigant must suffer or be threatened with a "real and immediate" injury in order to have standing and that "a mere interest" will not suffice).

case on Plaintiff's behalf, courts have routinely held that an unlicensed inmate may not act in a representative capacity.[2]

In his Opposition [#221], Messere appears to argue that he has standing as Plaintiff's "next friend."[3] Even assuming Messere can show that he has standing as Plaintiff's next friend[4] and that this court would treat his "Open Letter" as a motion, however, the motion would be denied. Messere cites no rule or authority in support of his request. This court has already denied Plaintiff's motions for reconsideration and for relief from judgment. Had Plaintiff wished to further litigate the issues raised in her Complaint, the proper course of action would have been to file an appeal. For the foregoing reasons, Defendant's Motion to Strike [#220] is ALLOWED. This case shall remain CLOSED.

IT IS SO ORDERED.

/s/ Joseph L. Tauro
United States District Judge

---

[2] See, e.g., Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982).

[3] Response & Objection Def.'s Mot. Strike [#221], 6.

[4] See Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990) (setting forth several requirements for next-friend standing).